UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No.: 3:03md1505 (PCD) |
| CARDIAC DEVICES QUI TAM | : | |
| LITIGATION | : | **ALL CASES** |

### ORDER

In June 2003, forty hospital-defendants[1] in this multi-district litigation filed three motions to dismiss [Doc. Nos. 38, 40, and 42], one of which [Doc. No. 42] moved to dismiss the Government's complaint on the grounds that it was barred by the statute of limitations. In a ruling dated May 13, 2004 [Doc. No. 63], this Court denied Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), and granted in part and denied in part Defendants' motions to dismiss on statute of limitations grounds. Specifically, this Court dismissed all claims except those brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. On June 13, 2005, the Court of Appeals for the Second Circuit granted Defendants' motion for an interlocutory appeal of the ruling on their motions to dismiss. On November 16, 2006, the Second Circuit issued an opinion reversing this Court judgment in part and remanding to this Court with instructions that the Government's FCA claims be dismissed as well on the ground

---

[1] Cedars-Sinai Medical Center, Hospital of the Good Samaritan, Loma Linda University Medical Center, Stanford University, Yale-New Haven Hospital, Washington Hospital Center, Florida Hospital Medical Center, Crawford Long Hospital of Emory University, St. Joseph's Hospital of Atlanta, Northwestern Memorial Hospital, Foster G. McGaw Hospital, Methodist Hospital of Indiana, St. Vincent Hospital and Health Care Center, Johns Hopkins Hospital, Massachusetts General Hospital, Lahey Clinic Hospital, William Beaumont Hospital, St. Joseph Mercy Hospital, Harper-Hutzel Hospital, St. Louis Hospital, Jewish Hospital of St. Louis, St. Francis Hospital of Roslyn, New York, Montefiore Medical Center, Duke University Medical Center, Cleveland Clinic, University Hospitals of Cleveland, St. Vincent Hospital and Medical Center, Hospital of the University of Pennsylvania, St. Thomas Hospital, Methodist Hospitals of Memphis, Baylor University Medical Center, Methodist Hospital of Lubbock, Texas, Sentara Norfolk General Hospital, Sacred Heart Medical Center, Presbyterian University of Pennsylvania Medical Center of Philadelphia, Emory University Hospital, and Brigham & Women's Hospital.

that they are barred by the six-year statute of limitations applicable to claims under the FCA, 31 U.S.C. § 3731(b)(2). See United States v. Baylor Univ. Med. Ctr., 469 F.3d 263 (2d Cir. 2006).

A mandate issued on January 19, 2007 restored jurisdiction to this Court, and on January 26, 2007, qui tam plaintiff Kevin Cosens, with the Government's consent, moved to dismiss all cases[2] in this multi-district litigation action [Doc. No. 109].[3] Plaintiff's Motion to Dismiss [Doc. No. 109] is **granted**. Accordingly, the Government's FCA claims and all cases in this action are dismissed. The clerk shall close the cases.

SO ORDERED.

Dated at New Haven, Connecticut, January  29 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[2] Cosens, et al. v. Yale-New Haven, 3:02cv688; Cosens, et al. v. Florida Hosp. Med. Ctr., 3:03cv468; Cosens, et al. v. Johns Hopkins, 3:03cv492; Cosens, et al. v. St. Vincent Hosp., 3:03cv502; Cosens, et al. v. Foster G. McGraw Hosp., 3:03cv515; Cosens v. Hosp. of the Univ. of Pennsylvania, et al., 3:03cv516; Cosens v. Aurora Health Care, 3:03cv521; Cosens, et al. v. Sacred Heart Medical, et al., 3:03cv523; Cosens v. Sentara Norfolk Gen., 3:03cv536; Cosens v. Montefiore Med. Ctr., 3:03cv540; Cosens, et al. v. Good Samaritan Hosp., et al., 3:03cv542; Cosens v. Duke Univ. Med. Ctr., 3:03cv548; Cosens v. St. Joseph Mercy, 3:03cv549; Cosens v. Cleveland Clinic, et al., 3:03cv563; Cosens v. Baylor Univ. Med. Ctr., 3:03cv564; Cosens v. Providence Med. Ctr., 3:03cv564; Cosens v. St. Joseph Hosp., 3:03cv578; Cosens v. Crawford Long Hosp., et al., 3:03cv579; Cosens v. St. Vincent Hosp., 3:03cv592; Cosens v. Methodist Hosp., 3:03cv593; Cosens v. Methodist Hosp., 3:03cv603; Cosens v. Massachusetts Gen., et al., 3:03cv633; Cosens v. Lahey Clinic Hosp., 3:03cv634; Cosens v. Washington Hosp. Ctr., 3:03cv638; Cosens v. St. Louis Univ. Hosp., 3:03cv685; Cosens v. Jewish Hosp., 3:03cv686; Cosens v. William Beaumont, 3:03cv688; Cosens v. Harper Hosp., 3:03cv689; Cosens v. St. Thomas Hosp., 3:03cv800; Cosens v. Cedars-Sinai Med. Ctr., 3:03cv818; Cosens v. Hospital of Good Samaritan, 3:03cv819; Cosens, et al. v. Loma Linda Univ. Med., 3:03cv820; Cosens v. Northwestern Hosp., 3:03cv838.

[3] Plaintiff moved to dismiss all cases without prejudice, however, this Court will dismiss all cases with prejudice, consistent with the Second Circuit's opinion.